# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY,<br>         PLAINTIFF<br>and<br><br>OHIO SECURITY INSURANCE COMPANY and THE OHIO CASUALTY INSURANCE COMPANY,<br>         INTERVENING PLAINTIFFS<br>v.<br><br>HAROLD LOWELL WAINWRIGHT, GARY JOY, and<br>JOY & ASSOCIATES, INC.<br>         DEFENDANTS | Civil Action No. 3:18-cv-237-DJH-CHL<br><br>Judge David J. Hale.<br>Magistrate Judge Colin H. Lindsay |

## CONSENT JUDGMENT

This matter is before the Court upon the mutual agreement and request for entry of a consent judgment by the Plaintiff, Metropolitan Property and Casualty Insurance Company ("Metropolitan"), and Defendant Harold Lowell Wainwright ("Wainwright"). Based on the agreement of the parties, the Court finds as follows:

1. Wainwright is a defendant in a civil action pending in the Jefferson Circuit Court in Jefferson County, Kentucky, captioned *Gary Joy v. Lowell Wainwright*, Case No. 17-CI-002914 (the "Joy Suit").

2. The plaintiffs in the Joy Suit – Gary Joy and "Joy & Associates, LLC" –originally asserted claims against Wainwright for malicious prosecution, abuse of process and wrongful use of civil proceedings, arising out of alleged conduct relating to three prior civil actions in Bullitt Circuit Court, Bullitt County, Kentucky (the "Bullitt County Litigation"): *First Citizens Bank v.*

*Kappa 3 – Hwy 31E, LLC*, Case No. 12-CI-00017; *First Citizens Bank v. Kappa 3 – Hwy 44, LLC*, Case No. 12-CI-00018; and *Lowell Wainwright v. First Citizens Bank*, Bullitt Circuit Court, Case No. 12-CI-00349.

3. Metropolitan issued to Wainwright a GrandProtect Homeowners Insurance Policy, Policy No. 6950217620, for a Policy Period of October 29, 2016 to October 29, 2017.

4. Metropolitan also issued to Wainwright a GrandProtect Personal Excess Liability Policy, Policy No. 6950217620, for a Policy Period of October 29, 2016 to October 29, 2017.

5. Wainwright made a claim for coverage under the insurance policies issued by Metropolitan, including defense and indemnification for any damages which may be awarded against Wainwright in the Joy Suit.

6. Metropolitan provided a defense to Wainwright in the Joy Suit, subject to a reservation of rights.

7. Metropolitan filed the present action seeking, in part, a declaration of rights concerning its contractual obligations, if any, to Wainwright in connection with the Joy Suit. See, Complaint for Declaratory Judgment (DN 1).

8. Wainwright, having reviewed the terms of the insurance policies, and any predecessor, successor or other policies issued by Metropolitan, agrees that the policies issued by Metropolitan do not cover the claims asserted against Wainwright in the Joy Suit, and therefore Metropolitan has no obligation to defend or indemnify Wainwright in connection with the Joy Suit.

The Court, being sufficiently advised, orders as follows:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECLARED** that Metropolitan has no obligation to defend or indemnify Wainwright with respect to any claims asserted in, or arising

out of, the Joy Suit.

Each party shall bear its own costs and attorney's fees associated with those claims.

January 21, 2021

David J. Hale, Judge
United States District Court